IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**RICHARD ELMO WARREN**                                                                                    **WARREN**

**V.**                          **CASE NO. 5:20-CV-05105**

**LIEUTENANT AMANDA ARNOLD and
SUMMIT FOOD SERVICE**                                                                              **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Richard E. Warren filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Warren is currently incarcerated in the United States Penitentiary in Atwater, California.

From the date of filing on June 16, 2020, until October of 2020, Warren actively prosecuted this case. He filed multiple motions on his own behalf. On September 16, 2020, Defendant Summit Food Service filed a Motion to Dismiss (Doc. 24) for failure to state a claim. Warren was ordered to respond by October 7, 2020. (Doc. 26). Warren did not respond to the Motion to Dismiss but did file a motion to amend. (Doc. 28). The Motion to Amend was granted (Doc. 34), and the amendment/supplement was filed on October 2, 2020 (Doc. 35).

Summit Food Service then filed a Motion to Dismiss the amended complaint for failure to state a claim on October 12, 2020. (Doc. 38). Warren was ordered to respond by November 3, 2020. (Doc. 40). Warren did not file a response. Summit Food Service then filed another Motion to Dismiss (Doc. 41) for failure to obey an order of the Court on November 11, 2020. On November 13, 2020, Warren was ordered to respond the Motion to Dismiss by December 4, 2020. (Doc. 43). That same day, a Show Cause Order (Doc. 44) was entered directing Warren to show cause by December 4, 2020, as to why the case should not be dismissed based on his failure to obey the orders of the

1

Court. Warren has not responded to either Order. He has not sought an extension of time to do so. No mail has been returned as undeliverable. On December 29, 2020, Defendant Amanda Arnold also filed a Motion to Dismiss (Doc. 45) based on Warren's failure to obey the orders of the Court.

In each Order directing a response (Docs. 26, 40, & 43), Warren was advised that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Rule 5.5(c)(2)" of the Local Rules for the Eastern and Western Districts of Arkansas. Rule 5.5(c)(2) requires *pro se* parties to "monitor the progress of the case, and to prosecute or defend the action diligently." Warren has not done so.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

The Motions to Dismiss filed by the Defendants (Docs. 24, 38, 41, & 45) are **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

**IT IS SO ORDERED** on this 5th day of January, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE